**STATE OF HAWAII**, Plaintiff–Appellant, v. **THOMAS SEPA**, Defendant–Appellee

NO. 14562

(CR. NO. 90–0019(2))

APRIL 12, 1991

LUM, C.J., PADGETT, HAYASHI, WAKATSUKI, & MOON, JJ.

OPINION OF THE COURT BY LUM, C.J.

The State appeals a court order quashing a search warrant and suppressing evidence as the court found the affidavit supporting the search warrant failed to accurately describe the circumstances

from which the magistrate could make an informed determination of probable cause. We affirm.

## I.

On January 12, 1990, Honolulu Police Officer Leith Anderson, a certified narcotic dog handler, and his narcotic dog Munko, conducted a narcotics detection demonstration at the U.S. Post Office. As was standard procedure, nine parcels, selected by Postal Inspector Keith Silva as matching a drug package "profile," were laid out in a single file line for Munko to sniff. Anderson guided Munko over the profiled packages without the dog "alerting" to the presence of narcotics.

As Anderson was leading Munko back along the line of profiled parcels, Munko "alerted" to a pile of express mail packets stacked four feet high in a postal cart located across from the line of profiled packages. Munko retrieved an express mail envelope addressed to Appellee from the cart and began biting and scratching the parcel.

Officer Anderson and Munko had conducted a number of similar profiled package sniffs. Munko, however, had never before, while conducting a profile sniff, "alerted" to a package not profiled. Officer Anderson did not detect the scent of narcotics nor did he detect anything unusual about the package retrieved by Munko. Following Munko's "alert," Inspector Silva took custody of the parcel and completed an affidavit for issuance of a search warrant.

In his affidavit, Inspector Silva stated only that Munko had "alerted," indicating the presence of narcotics, after conducting an exterior inspection of the package addressed to appellee.[1] Also

---

[1] Paragraph 3 of the affidavit provides:

3. On JANUARY 12, 1990, a trained narcotic dog handler L. ANDERSON and his trained narcotic detector dog MUNKO conducted an exterior

attached to the affidavit was a Certification of Handler and Narcotics Detection Dog which described the training and qualification of Officer Anderson and Munko. Based upon Inspector Silva's affidavit, the federal Magistrate issued a search warrant for Appellee's parcel. A subsequent search of the package uncovered cocaine and marijuana. Appellee was arrested and charged for Promoting a Dangerous Drug in the Second Degree, Hawaii Revised Statutes (HRS) § 712–1242, and Promoting a Detrimental Drug in the Second Degree, HRS § 712–1248.

Appellee filed a Motion to Suppress the Evidence which the court granted. The court found that it was unreasonable for Inspector Silva to have omitted from his affidavit an accurate description of the events leading to Munko's "alert." As a result, the court concluded that the deficient affidavit did not provide the magistrate with an opportunity to consider whether the facts of the case established sufficient probable cause to believe that the parcel contained contraband. It is this conclusion that we now consider on appeal.

## II.

It is fundamental that a search warrant may not issue except upon a finding of probable cause supported by an affidavit establishing the grounds for issuance of the warrant. Hawaii Rules of Penal Procedure (HRPP), Rule 41(c). Affidavit requirements are to insure that probable cause determinations will be made independently by neutral, fully informed judicial officers. *State v. Kanda*, 63 Haw. 36, 620 P.2d 1072 (1980).

In determining whether an affidavit is sufficient to support a finding of probable cause, we have consistently required that the

---

inspection of the above–described parcel. When the dog examined the above–described parcel, it alerted, indicating the parcel contained controlled substances[.]

affidavit set forth "some of the underlying circumstances" from which the police concluded that the objects sought to be recovered were where they claimed they were, and disclose some of the underlying reasons from which the affiant concluded that the information was "reliable." *Id.*

Clearly, in the present case, Inspector Silva's affidavit both omitted facts and misstated facts. The affidavit described neither the standard procedures used by the Post Office in profiling pack-ages and having them sniffed nor Munko's detour to the non–profiled package. Moreover, the affidavit states that "Munko con-ducted an exterior inspection" of Appellee's parcel and alerted while examining the package, thereby implying that Munko's alert resulted from a routine narcotics sniffing procedure. In actuality, Munko did not "alert" while conducting an "exterior inspection" of Appellee's parcel. Munko "alerted" to Appellee's parcel while returning along the line of profiled packages. Furthermore, Munko did not "inspect" Appellee's parcel prior to "alerting."

Nevertheless, the State contends that the affidavit contained sufficient information to support the Magistrate's determination of probable cause and the inclusion of the omitted facts would have added nothing to the Magistrate's probable cause determination. We are not convinced by the State's argument. We need not decide, however, whether the facts omitted from the affidavit were immaterial, as the State urges, to the Magistrate's determination of probable cause because we find that the material misstatements in the affidavit, by themselves, require that the warrant be quashed.

An affidavit which misstates material facts hinders the judicial officer's inference–drawing powers and increases the likelihood that privacy will be invaded without probable cause. Therefore, once a defendant establishes that an affidavit supporting a search warrant contains material misstatements of fact, the reviewing court must determine whether the affidavit's content, with the false material omitted, is sufficient to establish probable cause. *See*

*Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978); *People v. Cook*, 22 Cal. 3d 67, 148 Cal. Rptr. 605, 583 P.2d 130 (1978).

In this case, once the paragraph containing the misstated information regarding the inspection of the parcel is omitted, the remaining information in the affidavit does not provide the Magistrate with sufficient information to make a probable cause determination. Once the facts of Munko's alert are omitted, the remainder of the affidavit describes only the dimensions of the parcel and the qualifications of Munko and Officer Anderson. Clearly, more information is necessary to establish probable cause.

Accordingly, we affirm the court's order quashing the search warrant and suppressing evidence obtained as fruits of the warrant.

*James B. Takayesu*, Deputy Prosecuting Attorney, for Plaintiff–Appellant.

*Rose Anne Fletcher*, Deputy Public Defender, for Defendant–Appellee.